UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

v. CR 01-122 ML

JUAN M. SALCEDO

**MEMORANDUM AND ORDER**

This matter is before the Court pursuant to Defendant's, Juan M. Salcedo ("Defendant") pro se filing of a "late notice of appeal."[1] The amended judgment in the case entered on March 17, 2006. Defendant filed his notice of appeal on April 24, 2006. On May 9, 2006, the Court ordered Defendant to provide his reason(s) for filing his notice of appeal more than ten days after the entry of judgment. See generally Fed. R. App. P. 4(b)(1)(A). On May 22, 2006, Defendant filed a memorandum outlining his reasons for the late filing.

Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal must be filed within 10 days of entry of judgment. Fed. R. App. P. 4(b)(1)(A). Defendant's notice should have been filed on or before March 31, 2006.[2] Federal Rule of Appellate Procedure 4(b)(4) provides that the district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration" of the ten day deadline upon a

---

[1]Defendant's filing is actually titled "late notice of appeal." The Court treats Defendant's filing as a motion to extend time to file his appeal.

[2]Federal Rule of Appellate Procedure 4(c)(1) provides that if a defendant is confined in an institution a *pro se* notice of appeal is timely filed if it is deposited in the institution's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c)(1). Defendant's notice of appeal is dated April 14, 2006. The Court concludes that Defendant's notice of appeal was not timely under 4(c)(1) because it could not have been placed in an institution's internal mail system on or before March 31, 2006.

"finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

Determining whether neglect is excusable is " 'at bottom an equitable' " matter. Graphic Communications International Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993)). Courts should take into account

> all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Pioneer, 507 U.S. at 395 (emphasis added)[3]. Defendant must provide a "satisfactory explanation for the late filing." Graphic Communications, 270 F.3d at 5. The reason-for-delay factor carries the greatest weight in the analysis. Id.

Defendant alleges that the reason for his delay in filing was caused by his transport to his designated detention institution. In his filing, Defendant readily admits that judgment entered on March 17, 2006. He also admits that when judgment entered he was "housed" at the local detention institution. Subsequently, he was "thereafter placed in transit" and within "3 days of [his] arrival" at his designated institution he filed the notice of appeal. Defendant alleges, without explanation, that this "was the first available time for [him] to file such notice."

The Court acknowledges Defendant's pro se status. The Court also considers that the filing of a notice of appeal is not at all a complicated or onerous task. Further, it is clear to the Court that the filing of the notice of appeal was well within Defendant's "reasonable control." Pioneer, 507 U.S. at 395. The following colloquy took place at the sentencing hearing:

---

[3]The excusable neglect standard in Pioneer arose in the bankruptcy context. The standard, however, "must be understood to provide guidance outside the bankruptcy context." Pratt v. Philbrook, 109 F.3d 18, 19 (1st Cir. 1997); see also Virella-Nieves v. Briggs & Stratton Corp., 53 F.3d 451 (1st Cir. 1995).

> [THE COURT:] Now, Mr. Salcedo, you may have a right to appeal from the sentence I have imposed. If you cannot afford an attorney to help you with that appeal, you should advise us, and counsel will be appointed for you. If you do decide to take an appeal, you have only 10 days from today within which to file that Notice of Appeal. Do you understand that?
>
> THE DEFENDANT: Yes.

United States v. Salcedo, No. CR 01-122, Sentencing Hearing Transcript at 14 (D.R.I. March 17, 2006). Defendant states that he was "housed" at the local detention facility when judgment entered, however, he fails to inform the Court how long he was at that facility and why he did not file a notice of appeal while there. Defendant also fails to inform the Court the date he was transferred from that facility and the date he arrived at his designated facility. Furthermore, Defendant does not explain why the "first available time" for him to file the notice of appeal was "within three days of his arrival" at his designated facility. Defendant does little to inform the Court of any particular cause for the late filing beyond averring that his transport somehow caused the late filing. The Court concludes that Defendant's proffered reasons do not meet the standard for excusable neglect nor does the Court find that good cause been shown to extend the filing deadline. Defendant was well aware of the filing deadline and had sufficient opportunity to timely file a document informing the Court of his desire to appeal.

Accordingly, Defendant's motion to file a late notice of appeal is denied.

SO ORDERED:

Mary M. Lisi
Mary M. Lisi
United States District Judge
May 31, 2006