UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES,

V.

JUAN SALCEDO,

CR 01-122 ML

REARGUED MOTION FOR LATE FILING OF NOTICE OF APPEAL

COMES NOW, Juan Salcedo, the defendant in the above referenced matter; hereby submits this reargument to the originally filed petition for late filing of a notice of appeal, pursuant to Fed.R.App.P. 4(b)(1)(A); and pursuant to this Court's Order dated May 31, 2006, received on June 4, 2006; with new information which bears on the outcome of this proceeding.

1. Following the direct appeal in the matter of United States v. Salcedo, the First Circuit Court of Appeals remanded the matter to this court for contemplation of resentencing.

2. On March 8, 2006, the defendant was returned via United States Marshal Service to the Wyatt Detention Center in Rhode Island, awaiting resentencing.

3. On March 16, 2005, this Honorable Court resentenced the defendant to 144 months of imprisonment; while the defendant was represented by retained counsel, John Bevalaqua, Esquire.

4. At the resentencing hearing, this Court did note that the defendant had the right to appeal, within 10 days of the sentencing date; however, the defendant presumed that counsel would refile the notice of appeal, in that a previous notice of appeal had been filed, which led to the resentencing; <u>and</u> a reply, which rebutted an <u>Anders</u> brief, which was filed to dismiss the first appeal.

5. At the Wyatt Detention Center, the defendant was under the impression that a notice of appeal had been filed. Approximately 2-3 weeks following the hearing, the defendant was transported, via the Marshal's Service, to, first Lewisburg Penitentiary, and to MDC Brooklyn, awaiting transport to FCI Raybrook.

6. While under transfer status, prisoners are not allowed to transport personal property; and prior to leaving FCI Raybrook, the defendant's property was placed in Receiving and Discharge, and upon returning, 2 days later, upon calling his family, who contacted the clerk's office, and learning that no notice of appeal had been filed, the defendant filed pro se.

7. Determing the delay in filing a Late Notice of Appeal, the court determines whether "neglect is at bottom an equitable matter, and should take into account:

> all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the non-moving party, the length of delay and it's potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant actd in good faith.

Pioneer Investment Services v. Brunswick Ass., 507 U.S. 380 (1993).

8. Here, first, it is asserted that there would no prejudice to the United States, the non-moving party, because the defendant is merely asserting his statutory right to appeal. Second, as demonstrated, the defendant did, upon arriving at the facility, in which his property and legal work were housed, and upon receiving this material, he filed the next day.

9. At the Wyatt Detention Center, the defendant did not file a notice of appeal pro se because he was under the impression that counsel would. Although no specific

conversations were conducted in relation to this appeal; based on the defendant's past request to appeal, it was presumed that counsel would continue to file.

10. For instance, in a conversation prior to sentencing, the defendant informed counsel that he was attacking a prior New York State constitutinally infirm prior conviction; and that should he be successful, the lack of criminal history would lead to a decreased sentencing exposure.

11. Moreover, prior to sentencing, in another conversation with counsel, who indicated that the Court had the authority to sentence the defendant anywhere in the range of 120 months to life; based on the actual sentence imposed, it was presumed that counsel would seek to mitiate the sentence further.

In conclusion, it is respectfully requested that this Court grant the instant petition to file a late notice of appeal.

June 5, 2006

Respectfully,

Juan salcedo

Juan Salcedo
05100-070
FCI Raybrook
P.O. Box 9009
Raybrook, NY
12977