UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

v.

CR 01-122 ML

JUAN M. SALCEDO

### MEMORANDUM AND ORDER

This matter is before the Court on Defendant, Juan M. Salcedo's ("Defendant") pro se filing of a "Reargued Motion" following this Court's denial of his motion to file an appeal out of time pursuant to Fed. R. App. P. 4(b)(4).[1] On May 31, 2006, the Court denied Defendant's initial motion to extend time to file his notice of appeal. On June 14, 2006, Defendant submitted his "Reargued Motion" and a memorandum highlighting new explanations for the late filing.

Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal must be filed in the district court within 10 days of the entry of judgement. Fed. R. App. P. 4(b)(1)(A). The district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration" of the ten day deadline upon a "finding of excusable neglect or good cause." Fed. R. App. P. 4(b)(4).

The amended judgment in the case entered on March 17, 2006. Defendant filed his Notice of Appeal on April 24, 2006, which was within the 30 day permissible extension period.

---

[1] Defendant's filing is titled "Reargued Motion for Late Filing of Notice of Appeal." The Court construes Defendant's filing as a motion for reconsideration containing newly proffered reasons for the late filing.

Defendant, in response to an order by the Court, submitted a memorandum outlining the reasons for the late filing. Defendant initially alleged that his delay in filing was caused by his transport to his designated detention institution. He failed, however, to specifically demonstrate how his travels prevented him from filing his notice of appeal within the 10 day period. On May 31, 2006, the Court denied the motion, finding that "Defendant's proffered reasons do not meet the standard for excusable neglect nor does the Court find that good cause [has] been shown to extend the filing deadline." United States v. Salcedo, No. CR01-122, 2006 WL 1549058, at *2 (D.R.I May 31, 2006).

In determining whether neglect is excusable, Courts should consider

> all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [non moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Providence, Inc., 270 F.3d 1, 5 (1st Cir. 2001) (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)). "The four Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import." Graphic Commc'ns, 270 F.3d at 5 (quoting Hosp. Del Maestro v. NLRB, 263 F.3d 173, 175 (1st Cir. 2001)). The defendant has the burden of establishing sufficient reason for the failure to comply with the filing requirements. United States v. Lucas, 597 F.2d 243, 245 (10th Cir. 1979); United States v. Moreno, No. 02-4005-01, 2005 WL 475371, at *2 (D. Kan. Feb. 15, 2005).

This Court once again concentrates on Defendant's proffered reason for the late filing. In his latest submission Defendant states only that he was "under the impression" and that he

"presumed" that his attorney would file a notice of appeal because the same counsel had filed an appeal of the initial sentence imposed.

This Court concludes that Defendant's newly proffered reasons for the late filing do not meet the standard for excusable neglect.

Accordingly, Defendant's "Reargued Motion" is denied.

SO ORDERED:

*/s/ Mary M. Lisi*

Mary M. Lisi
United States District Judge
July 7, 2006