IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR. NO. 01-122ML |
| | ) | |
| JUAN SALCEDO | ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C.
§§3582(c)(2) AND RETROACTIVE GUIDELINE AMENDMENTS §§ 706 AND 711

The Defendant, Juan Salcedo, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactive guideline amendments 706 and 711. Salcedo's motion is grounded upon a 2007 amendment to the United States Sentencing Guidelines ("U.S.S.G.") which generally reduced by two levels the offense levels found in U.S.S.G. § 2D1.1 for crack cocaine.

A. Facts and Travel

On November 28, 2001, a federal grand jury returned a five count indictment against Salcedo, charging him with in Counts I through IV with distributing 50 grams of more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Salcedo pled guilty to Counts I - IV of the indictment on April 18, 2002.[1] The Defendant was originally sentenced on December 19, 2002. His sentencing guidelines calculation was set at Offense Level 36, Criminal History Category II. Under the Pre sentence Investigation Report ("PSR"), Salcedo was responsible for four sales of crack cocaine totaling 3,787 grams of cocaine. The sentencing range was 210 to 262 months imprisonment. Salcedo also faced mandatory minium sentences on each Count

[1] The Defendant was also charged with possession of 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Prior to the Defendant's change of plea the government moved to dismiss Count V in light of the fact that the kilogram seized by the police in the Defendant's basement did not test positive for a controlled substance.

pursuant to statute 21 U.S.C. §841(a)(b)(1)(A) because each distribution involved more than 50 grams of crack cocaine; the last distribution involving over 3 kilograms of crack cocaine. The Court imposed a sentence of 210 months incarceration to run concurrently on Counts I - IV.

On March 17, 2006, the Defendant's sentence was reduced by this Court, subsequent to the United States Court ruling in United States v. Booker, 543 U.S. 220 (2005). The Defendant received a sentence of 144 months incarceration and 5 years supervised release to run concurrently on each of the four counts. The United States Supreme Court subsequently issued its opinion in Kimbrough v. United States, 128 S.Ct. 558 (2007) that held that district judges may deviate from the guidelines. The Sentencing Commission further reduced the guideline range for crack cocaine retroactively.

The Defendant's current Guideline findings are a Total Offense Level of 35 with a Criminal History Category of III. This results in a guideline range of 210 to 262 months. Pursuant to 18 U.S.C. §3582(c) and U.S.S.G. §1B1.10(c), Amendment 706 of the United States Sentencing Commission Guidelines Manual, the Defendant is eligible for a retroactive reduction of his guidelines calculations. The Amended Guideline calculation would result in a Total Offense Level of 33, with the same Criminal History Category of III. This results in a guideline range of 168 to 210 months with supervised release of 5 years. However, the Defendant's previous sentence is still 24 months (over 2 years) below the low end of the Defendant's current amended guideline range.

B. Argument

Pursuant to 18 U.S.C. § 3582(c)(2), a Defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing

Commission." In its revisions to Section 1B1.10, the Commission made clear that a sentencing court is not authorized to reduce a Defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the Defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Courts also agree that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See, e.g., United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the Defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the Defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the Defendant's offense level was not altered by the subject of the retroactive amendment);

United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

In the instant case, Salcedo's sentence is still below the amended guideline range. According to Probation, the Court applied a 31 percent variance to the Defendant's original sentence on remand. A 31 percent variance to that sentence would result in a sentence of 116 months. This is below the mandated statutory minimum of 120 months. Additionally, the Defendant has incurred four separate incident reports from the Bureau of Prisons while incarcerated: on November 18, 2005, for possessing an unauthorized item, on October 1, 2005, for giving/accepting money w/o authorization, on November 4, 2004, for assaulting w/o serious injury, and on December 30, 2003, for possessing intoxicants. This is not the conduct of an individual deserving of yet another sentence reduction.

C. Conclusion

WHEREFORE, the government requests that this Court deny the Defendant's request of a reduced sentence.

Respectfully submitted,
UNITED STATES OF AMERICA
By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS

MARY ROGERS
Assistant U.S. Attorney, RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000 -Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION

I hereby certify that on the 8th day of September, 2008, I caused the within Government's Response To Defendant's Motion For Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Kevin Fitzgerald, Esq.
Federal Public Defender
10 Weybosset Street
Suite 300
Providence, RI 02903

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903